[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
Plaintiff Wilbur G. Smith brings this action against the State Bar Examining Committee and its administrative director, R. David Stamm, for wrongfully denying him admission to the Connecticut Bar. The plaintiff, who is black, claims that the alleged wrongful conduct of the defendants constituted "a denial of . . . rights as are expected and enjoyed by white persons similarly situated in the position of the plaintiff." The "Preliminary Statement" of his complaint alleges violations of the federal and state constitutions and of chapter 814c of the General Statutes. The complaint is in six counts, alleging: (1) that defendant Stamm wrongfully harassed him; (2) that defendant Stamm changed his exam grade from passing to failing; (3-5) that defendant Stamm conspired with the counsel for the State Bar Grievance Committee to investigate whether he was engaged in the unauthorized practice of law; and (6) that defendant Bar Examining Committee used arbitrary, capricious and discriminatory testing methods which violated the plaintiff's civil rights.
In his prayer for relief, the plaintiff requests that the court: (1) take jurisdiction over the matter; (2) order the Bar Examining Committee to adopt and retroactively implement an affirmative action plan; (3) order the defendant to refrain from destroying all records pertaining to the administration of the July 1987 bar exam and the grading of his exam; (4) award him compensatory and punitive damages; (5) declare the Connecticut Bar Exam unconstitutional; (6) issue a temporary and permanent injunction against further harrassment of plaintiff by defendant Stamm and his cohorts; (7) order defendant to provide plaintiff with his actual grades; and (8) issue a temporary and permanent injunction against the further administration of the Connecticut Bar Exam.
On August 22, 1989, this court (Hammer, J.) dismissed all claims for monetary damages on the ground of sovereign immunity. Defendants now move to dismiss all remaining claims for injunctive and declaratory relief on the ground, inter alia, that plaintiff has failed to exhaust his legal remedies. The court finds the issues for the defendants. CT Page 3177
Ordinarily, a motion to dismiss admits all well pleaded facts and the complaint is construed most favorably to the plaintiff. When the motion is accompanied by supporting affidavits which are undisputed, however, the court may consider them in the determination of jurisdictional issues. Barde v. Board of Trustees,207 Conn. 59 (1988). In the present case, the affidavit of Arthur L. Green, dated September 21, 1989, states that he is Executive Director of the state commission on human rights and opportunities (CHRO) and that plaintiff Smith has filed two complaints with CHRO. Copies of those complaints are attached to the affidavit as exhibits. The complaints to CHRO name the state bar examining committee and R. Davis Stamm as respondents. The substance of the complaints is that the respondents discriminated against the plaintiff because of his race in the administering of the state bar examination and in investigating his alleged unauthorized practice of law. In essence, the plaintiff has filed complaints with CHRO alleging the same wrongful conduct by the same individual and agency as in the present law suit in the superior court. The complaints before CHRO are still pending.
Chapter 814c of the statutes, being sections 46a-51 et seq., is entitled "Human Rights and Opportunities." They provide, in relevant part as follows: "It shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or of the United States, on account of religion, national origin, alienage, color, race, sex, blindness or physical disability." Connecticut General Statutes46a-58 (rev'd to 1989). "All services of every state agency shall be performed without discrimination based upon race . . . ." Connecticut General Statutes 46a-71 (rev'd to 1989). "No state department, board or agency may grant, deny or revoke the license or charter of any person on the grounds of race . . . ." Connecticut General Statutes 46a-73 (rev'd to 1989). The chapter creates the CHRO and vests it with authority to investigate complaints of racial discrimination, and to redress those complaints. Connecticut General Statutes 46a-54, 56a-82. The statutes provide for conciliation procedures, hearings and final orders. The CHRO has the power to issue cease and desist orders and to take "such affirmative action as in the judgment of the hearing officer will effectuate the purpose of this chapter." Connecticut General Statutes 46a-86. In the event a complainant is aggrieved by any order of the CHRO, he may appeal therefrom to the superior court in accordance with the uniform administrative procedure act, specifically section 4-183. Connecticut General Statutes 46a-94a.
The foregoing analysis of chapter 814c of the general CT Page 3178 statutes makes clear that it creates a comprehensive administrative procedure for investigating and redressing complaints of racial discrimination such as plaintiff Smith has brought to this court. Indeed, as indicated above, the plaintiff makes specific reference to those statutes in his complaint. What he has failed to do, however, is exhaust the administrative procedure and obtain his remedies thereunder before petitioning the court. "It is a cardinal principal of judicial review that when an adequate administrative remedy is provided by law, it should be exhausted . . . . Claims of constitutional violations are no exception to this general rule." Doe v. Heintz, 204 Conn. 17, 34 (1987). Failure to exhaust an administrative remedy deprives the court of subject matter jurisdiction. Id., 35. In the present case, in order to comply with the exhaustion rule, the plaintiff must obtain an order from the CHRO in accordance with the statutes cited above and, if he is aggrieved thereby, appeal from that order to this court pursuant to sections 46a-94a and 4-183 of the general statutes. He may not pursue this action independent from but simultaneously with his complaint to the CHRO.
The defendants' motion to dismiss is granted.
MALONEY, J.